UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOOR STAFFING GROUP LLC d/b/a ) | |
| J.D. & TUTTLE HOSPITALITY STAFFING, ) | |
| a New York, LLC ) | |
|         Plaintiff, ) | |
| ) | Case No. 1:19-cv-529 |
| v. ) | |
| ) | |
| STAFF MANAGEMENT SOLUTIONS, LLC, ) | |
| an Illinois LLC, and PEOPLESCOUT MSP, ) | |
| LLC, a Nevada LLC, ) | |
|         Defendants. ) | |

**COMPLAINT**

Plaintiff, NOOR Staffing Group LLC d/b/a J.D. & Tuttle Hospitality Staffing ("NOOR Staffing"), by and through its attorneys, DiVincenzo Shoenfield Stein, hereby brings this Complaint for breach of contract and an account stated against Staff Management Solutions, LLC and PeopleScout, MSP, LLC (jointly referred to hereafter as "Staff Management") and alleges as follows:

**NATURE OF THE ACTION**

1. This case arises out of Staff Management's breach of contract with NOOR Staffing.

2. NOOR Staffing and Staff Management entered into a Supplier Non-Exclusive Master Service Agreement on or about March 25, 2015. (the "Agreement"). (A copy of the Supplier Non-Exclusive Master Service Agreement is attached hereto as Exhibit A). The effective date of the Agreement was March 21, 2015.

3. Under the terms of the Agreement, NOOR Staffing agreed to provide temporary labor solutions to ARAMARK Food and Support Services Group, Inc. ("ARAMARK") through Staff Management as a non-exclusive supplier of temporary labor.

4. As the managed service provider ("MSP"), Staff Management bills and collects monies from ARAMARK for temporary labor provided by NOOR Staffing. Additionally, Staff Management coordinates assignments and captures and records the hours worked by NOOR Staffing employees.

5. After receiving payment from ARAMARK and deducting its fee, Staff Management is then responsible for paying NOOR Staffing for the temporary labor services rendered.

6. At all relevant times, it is and was Staff Management's responsibility to maintain proper banking and payment remittance information to pay NOOR Staffing for supplying the temporary labor services.

7. From approximately June 2015 through early February 2016, NOOR Staffing was not paid for the temporary labor services it provided under the contract. The total amount of unreceived payments exceeds one million dollars ($1,000,000).

8. In addition, from approximately December 14, 2014 through early January 2017, NOOR Staffing was not paid for temporary labor services it provided under the Agreement but was not billed by Staff Management to ARAMARK. The total amount of unreceived payments for such work during this period exceeds two hundred thousand dollars ($200,000).

**PARTIES**

9. Plaintiff NOOR Staffing Group LLC d/b/a J.D. & Tuttle Hospitality Staffing, is a New York limited liability company with its headquarters and principal place of business in New

York, New York. NOOR Staffing's sole member is Habib Noor, a citizen of the State of New York.

10. Defendant Staff Management Solutions, LLC is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Upon information and belief, Staff Management's member is TrueBlue, Inc., a corporation incorporated in the State of Washington with a principal place of business in the State of Washington.

11. Upon information and belief, on January 2, 2017, Staff Management transferred its business, including the Agreement, to PeopleScout MSP, LLC., a wholly owned subsidiary of TrueBlue, Inc. PeopleScout MSP, LLC., is incorporated in the State of Nevada and, upon information and belief, its sole member is TrueBlue, Inc.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1332. Plaintiff NOOR Staffing is a citizen of the State of New York, Defendant Staff Management is a citizen of the State of Illinois and Defendant PeopleScout, MSP, LLC is a citizen of the state of Nevada. Plaintiff's claims exceed seventy-five thousand ($75,000). Venue is proper pursuant to 28 U.S.C. §1391(b) in that Defendant Staff Management has its headquarters in this district and all relevant claims alleged herein arose within the Northern District of Illinois. Additionally, the Agreement between Noor and Staff Management Solutions, LLC designates that any legal actions be brought in this venue.

## FACTUAL ALLEGATIONS

13. Staff Management is in the business of, among other things, providing management services to its clients with respect to the procurement of temporary labor services,

including the management of their supplier's use of a related internet based order and invoice management system, the Vendor Management System ("VMS").

14. Pursuant to the Agreement, prior to any provision of labor to ARAMARK, NOOR Staffing provided Staff Management updated banking information so that Staff Management could issue payments to NOOR Staffing for services rendered.

15. On or about June 17, 2015, NOOR Staffing sent a "Final Notice: Remittance Instructions" to Staff Management. This notice included NOOR Staffing's updated banking information, clearly identifying Sterling National Bank, the correct bank identification routing number ending in 773, and the correct bank account number ending in 026 as the proper account to send electronic payments.[1] Alternatively, NOOR Staffing also provided an address where live checks could be mailed.

16. Pursuant to the Agreement, NOOR Staffing was to provide labor to ARAMARK and Staff Management was to record the hours worked by that labor. Staff Management was required under the Agreement to invoice ARAMARK for the labor provided by NOOR. Pursuant to the Agreement, Staff management was to collect the amounts paid by ARAMARK for that labor and remit the agreed upon amount to NOOR.

17. Pursuant to the Agreement, Staff Management accounted to NOOR Staffing for the amounts owed to NOOR Staffing for the labor provided to ARAMARK.

## COUNT I
### Breach of Contract

18. Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

19. The Agreement is a valid and enforceable contract.

---

[1] For reasons of security, Plaintiff is not reciting the full account numbers in this Complaint, but these numbers were provided to Defendant.

20. NOOR Staffing has performed all of its obligations under the Supplier Non-Exclusive Master Service Agreement.

21. Staff Management determined that NOOR Staffing provided labor for which ARAMARK owed one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29).

22. Staff Management billed and collected at least the amount of one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29) owed to NOOR from ARAMARK.

23. From approximately June 2015 through early February 2016, Staff Management breached the Agreement by not paying NOOR Staffing for the temporary labor provided to ARAMARK.

24. Throughout this time period, NOOR Staffing suffered damages because Staff Management failed to pay NOOR Staffing one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29) for labor provided pursuant to the Agreement.

25. Upon information and belief, Staff Management directed a portion of the payments for the labor services performed by NOOR Staffing to a bank account, which was not owned by NOOR Staffing.

26. To date, Staff Management has refused to pay and NOOR Staffing has not been paid for the labor it provided for ARAMARK from June 2015 through early February 2016 under the Agreement.

WHEREFORE, NOOR Staffing demands judgment against Defendants in the amount of one million eighty two thousand four hundred forty seven dollars and twenty nine cents

($1,082,447.29) together with interest and costs as allowed by law, and any other relief to which NOOR Staffing may be entitled.

## COUNT II
### Account Stated

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. NOOR Staffing and Staff Management have agreed that Staff Management would account for amounts owing to NOOR Staffing pursuant to the Agreement.

29. Subsequent to the provision of labor to ARAMARK, Staff Management created the required accounting, which accounting constitutes an account stated in that NOOR Staffing and Staff management have agreed that the balance of one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29) is accurate and is owed by Staff Management.

30. Staff Management has agreed to pay NOOR Staffing the amount of one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29).

31. Payment of the sum of one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29) was demanded of defendant by plaintiff, but defendant has failed to pay. Neither the sum, nor any part of it, has been contested or paid.

WHEREFORE, NOOR Staffing demands judgment against Defendants in the amount of one million eighty two thousand four hundred forty seven dollars and twenty nine cents ($1,082,447.29) together with interest and costs as allowed by law, and any other relief to which NOOR Staffing may be entitled.

## COUNT III
## Breach of Contract

32. Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

33. During the period December 2014 through January 2017, NOOR Staffing provided labor to ARAMARK under the Agreement which was properly recorded, but was not billed to ARAMARK by Staff Management.

34. As a direct result of Staff Management's failure to bill ARAMARK, NOOR Staffing has not been paid two hundred six thousand dollars and seventy seven cents ($206,774.77) for the labor it provided to ARAMARK.

35. Staff Management's failure to bill ARAMARK constitutes a breach of the Agreement.

36. NOOR Staffing has honored all of its obligations under the Agreement.

WHEREFORE, NOOR Staffing demands judgment against Defendants in the amount of two hundred six thousand dollars and seventy seven cents ($206,774.77) together with interest and costs as allowed by law, and any other relief to which NOOR Staffing may be entitled.

Respectfully Submitted,

s/Anthony S. DiVincenzo

Anthony S. DiVincenzo
Robert J. Stein III
DiVincenzo Schoenfield Stein
33 N. Dearborn, Suite 1130
Chicago, IL 60602
Telephone (312) 344-4809
adivincenzo@dsschicagolaw.com