UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOOR Staffing Group LLC d/b/a J.D. & Tuttle Hospitality Staffing,<br><br>    *Plaintiff*,<br><br>v.<br><br>Staff Management Solutions, LLC, *et al.*,<br><br>    *Defendants.* | |
| Staff Management Solutions, LLC, *et al.*,<br><br>    *Counter Claimants*,<br><br>v.<br><br>NOOR Staffing Group LLC d/b/a J.D. & Tuttle Hospitality Staffing,<br><br>    *Counter Defendant.* | No. 19 CV 529<br><br>Judge Lindsay C. Jenkins |

**ORDER**

    This litigation arises out of a dispute over Plaintiff Noor Staffing Group LLC's entitlement to payment for services from Defendants Staff Management Solutions and PeopleScout MSP, LLC ("Staff Management"). On December 6, 2023, the Court granted Staff Management's motion for summary judgment. *Noor Staffing Grp. LLC v. Staff Mgmt. Sols., LLC*, 2023 WL 8451778 (N.D. Ill. Dec. 6, 2023) (the "Order"). Now, both parties move for summary judgment on Staff Management's Counterclaim for declaratory judgment and unjust enrichment. [Dkt. 208, 210.] For the reasons stated below, Noor's motion is granted, and Staff Management's motion is denied.

**BACKGROUND**

    The Court previously discussed the factual background in detail, *Noor*, 2023 WL 8451778, at *1–6, and the parties agree that resolution of the Counterclaim rests on the same facts [Dkt. 205 ¶ 7], the Court does not recapitulate the facts here. Staff Management's Counterclaim concerns $1,082,447.29 (the "disputed $1 million") that it deposited into a Wells Fargo account belonging to Corporate Resource Development ("Corporate")—a company that Noor acquired—in payment for Noor's services. [Dkt. 24 at 11–14.] *Noor*, 2023 WL 8451778, at *1 n.1, *6. Those funds were caught up in

1

Corporate's bankruptcy proceeding, and Noor entered into a settlement agreement with the bankruptcy trustee, releasing claims to the disputed $1 million. *Noor*, 2023 WL 8451778, at *7. The Court held that Staff Management paid the full amount it owed Noor under the contract, that Noor used those funds to settle with the bankruptcy trustee, and that Staff Management did not breach the contract by depositing Noor's funds into the wrong account. *Id.* at *9–11.

The summary judgment Order resolved Noor's claims, but Staff Management's Counterclaim remains pending. Count I seeks a declaratory judgment stating that the settlement agreement "releases any claims by Noor against Defendants regarding the funds sent by Staff Management to the Wells Fargo Account." [Dkt. 24 ¶¶ 18–21.] Count II alleges that to the extent that the settlement agreement does not release Noor's claim to the disputed $1 million, Noor would be unjustly enriched at Staff Management's expense if it were able to recover any of those funds from Staff Management. [*Id.* ¶¶ 22–29.] Staff Management took the position that the Order moots Count I of the Counterclaim, while Plaintiff was less certain. [Dkt. 205 ¶¶ 4–5.] Based on Staff Management's representation that the declaration Count I seeks does not extend beyond the scope of the Order, the Court agreed that Count I is moot and dismissed it. [Dkt. 206.][1] The parties filed cross-motions for summary judgment on Count II of the Counterclaim [Dkt. 208, 210], which are now ripe for decision.

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Frazier-Hill v. Chi. Transit Auth.*, 75 F.4th 797, 802 (7th Cir. 2023). When considering cross-motions for summary judgment, the Court views the facts in the light most favorable to party against whom the motion under consideration is made. *Frazier-Hill*, 75 F.4th at 802. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022).

---

[1] The Court is confident that Staff Management's representation avoids any problem with the finality of the judgment. Just as "plaintiffs are the master of their complaint," *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 557 (7th Cir. 2021) (citation omitted), Staff Management is the master of its Counterclaim. To the extent that its representation about the scope of its Counterclaim alone is not conclusive, the Court construes Staff Management's position as a voluntary dismissal with prejudice of any non-moot portion of Count I. So limited to be the mirror image of Noor's claim to the disputed $1 million the Court already adjudicated on the merits, Count I's request for declaratory judgment is moot. *See Malibu Media, LLC v. Khan*, 2020 WL 5630431, at *1 (N.D. Ill. Sept. 21, 2020).

2

ANALYSIS

"To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 886 (7th Cir. 2022) (cleaned up). This equitable remedy "is only available when there is no adequate remedy at law" and "has no application" "when a contract governs the relationship between the two parties." *Id.* (cleaned up). Noor argues that the claim for unjust enrichment fails as a matter of law for two reasons: (1) a contract governs the parties' relationship and (2) Staff Management cannot establish the elements of its claim. [Dkt. 209 at 4–5.] Staff Management argues that it has a viable claim for unjust enrichment "to the extent that Defendants are not released by the Settlement Agreement and/or the Court determines that Noor has not been paid or the [disputed $1 million] deposited in the Wells Fargo account does not count as payment of Noor's invoices." [Dkt. 211 at 6.]

Starting with the contract question, the Court disagrees with Noor that the existence of the parties' contract defeats Staff Management's unjust enrichment claim. True, the parties had a contract, and the Court held that the payment of the disputed $1 million into the Wells Fargo account did not breach the contract. *See Noor*, 2023 WL 8451778, at *9–11. But if the Seventh Circuit holds that there is a dispute as to the breach of contract question, Staff Management's unjust enrichment claim may still be viable because in that case, the payment of the $1 million into the Wells Fargo account may have taken place outside the scope of the contract. That is, the relationship between Staff Management and the owner of the Wells Fargo account may not have been governed by the parties' contract.

On Noor's second point, however, the Court agrees. As Noor argues, only if Staff Management's payments of the disputed $1 million into the Wells Fargo account were not applied to satisfy Noor's claim for those funds could Staff Management have a claim for unjust enrichment. [Dkt. 209 at 5.] The Court has held that there is no genuine dispute that Staff Management paid the full amount it owed Noor as to the disputed $1 million and that paying those funds into the Wells Fargo account was not a breach of the parties' contract. *See Noor*, 2023 WL 8451778, at *9–10 ("The Court has already rejected its argument that there is a genuine dispute as to whether Staff Management paid the full $1 million. … [W]hile misdirecting another's funds may be poor business practice or actionable under another legal theory, Noor does not identify any support in the Agreement for its position that Staff Management breached the contract by failing to pay into the correct account."). As the Court has interpreted the undisputed facts, there was no benefit to Noor or detriment to Staff Management—just or unjust—outside the scope of the parties' contract, which dooms Staff Management's unjust enrichment claim on several elements. *See Gociman*, 41 F.4th at 886. Staff Management does not appear to dispute this point; its argument is conditional on reversal or vacatur by the Seventh Circuit. [*See* Dkt. 211 at 6 ("[T]o

3

the extent that Defendants are not released by the Settlement Agreement and/or the Court determines that Noor has not been paid or the [disputed $1 million] deposited in the Wells Fargo account does not count as payment of Noor's invoices, Noor has been unjustly enriched through the payment and use of the [disputed $1 million].").]

Although the Court must construe the evidence in the light most favorable to Staff Management when ruling on Noor's motion for summary judgment, *Frazier-Hill*, 75 F.4th at 802, on any view of the facts, Staff Management's unjust enrichment claim requires there to be a possibility that Noor succeeds on its claim to the disputed $1 million. Since the Court has held that Noor's claim fails as a matter of law, so too does Count II of the Counterclaim.

## CONCLUSION

Because Count II of the Counterclaim depends on Noor's claim succeeding, and the Court has ruled against Noor on that claim, it follows that Count II of the Counterclaim fails. Thus, Noor's motion for summary judgment on that claim [Dkt. 208] is granted, and Staff Management's cross-motion for summary judgment [Dkt. 210] is denied. If the Seventh Circuit reverses the grant of summary judgment on Noor's claim, Staff Management's claim may also be resurrected, but as things stand in this Court, Count II fails as a matter of law.[2] Therefore, Judgment shall enter in favor of Noor and against Staff Management on Count II of the Counterclaim.

Enter: 19-cv-529
Date: March 31, 2024

_____
Lindsay C. Jenkins
United States District Judge

---

[2] Staff Management may wish to consider whether filing a cross-appeal is necessary to protect its ability to revive its claim. The Court takes no position on this question here.